Grimke, J.,
delivered the opinion of the court:
That a court of equity will interpose in such a ease as that made by the bill, is too clear to be denied. It was once supposed to be the law, that a deed obtained from a drunken man could not, for that cause, be avoided. But a more rational rule now prevails; and the law now regarding the fact of intoxication, and not the cause or author of it, and regarding that fact as affording proof of a want of capacity to contract, which is one of the elements of every agreement, will interfere to relieve. Thus, if a deed is obtained by the exercise of an undue influence over a man whose mind is incapable of acting freely and voluntarily, such deed will be decreed to be canceled. The difficulty, generally, has been to settle what degree of intoxication is sufficient to show the want of a consenting understanding. And as to that, it is evident that no universal rule can be laid down, since it is the deprivation of mind which the law has regard to, which may be very different in different individuals under the same circumstances of intoxication. But the plaintiff has failed to substantiate the ease made in his bill. He has, to be sure, adduced testimony, which, if it were not countervailed by the ^testimony taken by the defendant, *220 might be sufficient to induce very strong doubts whether there bad not been great unfairness in the transaction; but all his allegations are met by evidence direct and positive, and which take from the court the power to decree a rescission and cancellation of this deed. It must be an exceedingly strong case which would authorize the annulling an executed agreement; indeed, the distinction between a bill to perform, and to rescind even an executory contract, is too familiar to need to be repeated.
Before dismissing the bill, it is necessary to notice one fact of the case which has occasioned us some difficulty. It appears that there was a former suit between the same parties, and in regard to the same subject matter, and that after proof had been taken, and the cause was ready for hearing, that the complainant voluntarily discontinued his suit. The term “ discontinuance" is one which is exclusively known in proceedings at law, and the complainant should regularly, if he intended not to preclude himself from the privilege of instituting a new one, to have had the bill dismissed without prejudice. In Gichell v. Logan, 14 Ves. 232, Lord Eldon says: “If a party thinks proper to bring his cause to a hearing upon examination of witnesses, publication passed, and the cause capable of being opened, and then makes default, it is very difficult, and would be rather mischievous to treat such conduct merely as a nonsuit at law. But the defendant,” he says, “has waived the benefit that may have arisen from the former decree by not pleading it.” We have not considered the former decree as a bar; but a conformity to the established practice in chancery, as well as safety to all concerned, demands that, in future, the bill should be dismissed without prejudice, instead of being entered discontinued.